**THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

TRUSTEES OF THE SUBURBAN TEAMSTERS
OF NORTHERN ILLINOIS WELFARE
and PENSION FUNDS,                                      )
                                                       )
      Plaintiffs,                                )         Case No. 25-cv-12871
                                                       )
v.                                                     )         Hon.  Thomas M. Durkin
                                                       )
APEX LINES, INC.,  an Illinois corporation,            )
      Defendant.                                 )

## DEFENDANT'S ANSWER TO PLAINTIFFS' COMPLAINT

Now comes Defendant, APEX LINES, INC., by and through its Counsel, ALLOCCO, MILLER AND CAHILL, P.C., for its response to the Plaintiffs' Complaint. Defendant states as follows:

### JURISDICTION AND VENUE

1.       (a) Jurisdiction of this cause is based upon Section 502 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. Section 1132 ("ERISA") and 29 U.S.C. 1145 as amended.

**ANSWER:**    Defendant admits the allegations in paragraph 1(a)

(b) Venue is founded pursuant to 29 U.S.C. Section 1132(e) (2) in this district, where the Funds as described in Paragraph 2, are administered.

**ANSWER:**    Defendant admits the allegations in paragraph 1(b).

2.       (a) Plaintiffs are the TRUSTEES OF THE SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS ("Funds") and have standing to sue pursuant to 29 U.S.C. 1132(a)(3).

**ANSWER:**    Defendant admits the allegations in paragraph 2(a).

(b) The SUBURBAN TEAMSTERS OF NORTHERN ILLINOIS WELFARE AND PENSION FUNDS have been established pursuant to collective bargaining agreements previously entered into between the International Brotherhood of Teamsters and its affiliated locals ("the Union") and Employers;

**ANSWER:**    Defendant admits the allegations in paragraph 2(b).

(c) The Funds are maintained and administered in this judicial district in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws, and also pursuant to the terms and provisions of the Agreements and Declarations of Trust which establish the Funds.

**ANSWER:**    Defendant admits the allegations in paragraph 2(c).

3.    (a) APEX LINES, INC., an Illinois corporation, employs employees represented by the Union and is bound to make contributions for weeks worked by all employees and upon subcontractors who perform work which would otherwise be performed by employees.

**ANSWER:**    Defendant admits APEX LINES, INC., an Illinois corporation, employs employees represented by the Union. Defendant denies the remaining allegations in paragraph 3(a).

(b) APEX LINES, INC., an Illinois corporation, has its principal place of business at Lemont, Illinois.

**ANSWER:**    Defendant admits the allegations in paragraph 3(b).

(c) APEX LINES, INC., an Illinois corporation, is an employer engaged in an industry affecting commerce.

**ANSWER**:    Defendant admits the allegations in paragraph 3(c).

2

4.      Effective January 20, 2022 APEX LINES, INC., an Illinois corporation, entered into an Area Construction Agreement with Teamsters 179, and as confirmed with the Local, which bound it to the terms stated in the then current Area Construction Agreement that are effective for the period from June 1, 2021 through May 31, 2025, as extended, which required contributions to the Funds pursuant to 29 U.S.C. 1145 (Exhibit A). APEX LINES, INC. has not sent a notice of termination.

**ANSWER:**      Defendant admits the allegations in paragraph 4.

5.      Pursuant to the terms of the contract and the trust agreements establishing the Funds, Employer is required to make its books and records available to the Funds for audit.

**ANSWER:**      Defendant admits the allegations in paragraph 5.

6.      The Funds have attempted to obtain the books and records of the Defendant for an audit for the period January 20, 2022 through September 30, 2025. The Funds' auditor has written and repeatedly telephoned the company and received no response.

**ANSWER:**      Defendant admits the Funds have attempted to obtain the books and records of the Defendant for an audit for the period January 20, 2022 through September 30, 2025. Defendant denies the remaining allegations in paragraph 6.

7.      Without an order directing an audit be performed and delinquencies paid thereunder, Plaintiffs are unable to fulfill their fiduciary duties under the Plan.

**ANSWER:**      Defendant denies the allegations in paragraph 7.

8.      The amount presently due cannot be ascertained without an audit.

**ANSWER:**      Defendant denies the allegations in paragraph 8.

Respectfully submitted,

APEX LINES, INC.

By:     /s/ Todd A. Miller_____

Attorneys for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Kathleen M. Cahill (kmc@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326

## <u>CERTIFICATE OF SERVICE</u>

The undersigned, an attorney of record, hereby certifies that he electronically filed the attached, *Defendant's Answer to Plaintiffs' Complaint*, with the Clerk of the Court using the CM/ECF system on this 17th day of November 2025, which will send notice of such filings to the following:

> John J. Toomey
> ARNOLD AND KADJAN
> 35 E. Wacker Drive Suite 600
> Chicago, Illinois 60601
> (3 1 2) 236-0415
> jt@aandklaw.com

> /s/ Todd A. Miller

Attorneys for the Defendant:

Todd A. Miller (tam@alloccomiller.com)
Kathleen M. Cahill (kmc@alloccomiller.com)
Allocco, Miller & Cahill, P.C.
20 N. Wacker Drive, Suite 3517
Chicago, IL 60606
Ph: (312) 675-4325
Fx: (312) 675-4326